IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAWNEE TABERNACLE CHURCH : <br> and AZ LEARNING DAY CARE : <br> Plaintiffs, : <br> : <br> v. : <br> : <br> GUIDEONE INSURANCE, : <br> Defendant. : | CIVIL ACTION <br> No. 16-5728 |

**McHUGH, J.**                                                                 **April 23, 2019**

**MEMORANDUM**

This is an action brought under an insurance policy where Plaintiffs Shawnee Tabernacle Church and AZ Learning Daycare allege breach of contract and bad faith. Defendant GuideOne Insurance has moved for partial summary judgment, presenting two questions: first, whether Plaintiffs are precluded from claiming the loss of the property to foreclosure as consequential damages, and second, if not, whether the damages are limited to diminution of the fair market value. As to the first question, I conclude Plaintiffs may seek consequential damages associated with the loss of the property due to foreclosure. As to the second, Defendant is correct that the damages are properly limited to diminution of the fair market value. Accordingly, Defendant's Motion for Partial Summary Judgment will be granted in part and denied in part.

I. **Factual Background**

The facts of the underlying dispute are largely set forth in a companion Memorandum addressing Plaintiffs' Motion for Summary Judgment. However, some additional background is

1

relevant to the questions concerning damages. Defendant GuideOne insured a property belonging to Plaintiffs Shawnee Tabernacle Church and AZ Learning Daycare, on which PrinsBank held a mortgage. Plaintiffs rented out a significant portion of the building as a source of income. The insurance policy contains provisions contemplating such rental agreements as well as the rights of mortgage holders in the event of foreclosure, and it expressly notes Plaintiffs' mortgage situation. *See* Def.'s Mot. Partial Summ. J. Ex. 1, at 48, 73-74, 77, ECF No. 27-1.

The claim is one for water damage that occurred in January 2015. At the time the loss occurred, foreclosure proceedings regarding Plaintiffs' property had already begun. In fall 2014, a school that rented the property had vacated the premises after failing to pay rent. Around the same time, Plaintiff Shawnee Tabernacle Church defaulted on its mortgage. In November 2014, the mortgage holder, PrinsBank (through its assignee PSB Credit Services), filed a complaint in foreclosure against Shawnee Tabernacle Church. Def.'s Mot. Partial Summ. J. Ex. 4, ECF No. 27-1.

Plaintiffs hoped to avoid the foreclosure by securing a new tenant. In fact, Plaintiffs executed a Commercial Lease Agreement to begin on January 15, 2015 and were in contact with PrinsBank about making the missed payments. Pls.' Resp. to Def.'s Mot. Partial Summ. J. Ex. 2, ECF No. 30. Two days before the new lease agreement was to commence, however, the water damage made occupancy untenable until repairs could be completed.

Plaintiffs promptly reported the water damage claim to Defendant GuideOne, which began the investigation that is the subject of this case. Whether the length of the investigation and the delay in payment were the result of bad faith remains disputed,[1] but the parties agree that

---
[1] Although I have made findings as to a portion of the investigation in my Memorandum on Plaintiffs' Motion for Summary Judgment.

coverage was not established until December 2015, and no payment was made before the foreclosure date of February 25, 2016.[2] Without the necessary repairs, the executed January 2015 lease agreement fell through, and Plaintiffs were unable to accept at least one subsequent offer to rent before the sheriff's sale of the property on February 25, 2016.

**II.     Legal Standard**

The standards of Fed. R. Civ. P. 56, as amplified by *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 n.3 (1986), govern my consideration of this Motion.

**III.    Discussion**
   *A. Loss of Property to Foreclosure as Consequential Damages*

On the question of consequential damages, the parties largely agree on the controlling law. Consequential damages are available in a breach of contract action where such damages are foreseeable and were contemplated at the time of contracting. *Condo. Ass'n Court of Old Swedes v. Stein-O'Brien*, 973 A.2d 475, 483 (Pa. Commw. Ct. 2009) (citing *Ferrer v. Trustees of Univ. of Pa.*, 825 A.2d 591, 610 (Pa. 2002)). The parties agree that foreseeability is central to this analysis but disagree as to whether, in this case, damages due to foreclosure were foreseeable or contemplated at the time of contracting.

GuideOne asks me to conclude that it could not possibly have foreseen damages related to foreclosure and that such consequential damages are therefore not recoverable as a matter of law. I decline. GuideOne argues that the damages were not foreseeable, because contracting parties are not expected to know the specific condition of one another's affairs and are presumed only to have contemplated "the ordinary and natural incidents and consequences of performance

---

[2] Defendant GuideOne argues that it was prepared to pay the "undisputed" damages on February 1, 2016. The parties seem to agree that, on that date, adjuster Larry Brown spoke with Plaintiffs' counsel and offered to pay some amount, with Plaintiffs' counsel indicating that the Church first needed to address the foreclosure issue with the bank. But the details of the February 1 conversation between Mr. Brown and Plaintiffs' counsel are greatly disputed, particularly regarding the amount of damages and proposed global settlements.

or non-performance." *Macchia v. Megow*, 50 A.2d 314, 316 (Pa. 1947) (citation omitted). In GuideOne's view, it had no reason to know, at the time of contracting, that Shawnee was in a financial position such that delay in payment of a claim for property damage would cause foreclosure.

But at the time of contracting, it was well within the contemplation of GuideOne that the insured property could be rented, that it was encumbered by a mortgage, and that foreclosure could coincide with a property damage claim. *See* Def.'s Mot. Partial Summ. J. Ex. 1 at 48, 73-74, 77. Specifically, GuideOne's policy included provisions about the rights of mortgage holders in the event of foreclosure as well as the coverage of rented properties. *Id.* at 73-74, 77. The consideration of these circumstances, coupled with the specific knowledge of Plaintiffs' mortgage, *id.* at 48, at a minimum put GuideOne on notice that a foreclosure on the insured property could follow if Plaintiffs' use of the property was interrupted—with any consequences stemming from the foreclosure significantly affected by GuideOne's performance of its obligations. This supports Plaintiffs' contention that the consequential damages associated with foreclosure were foreseeable and contemplated at the time of contracting. I therefore conclude that there remains a genuine dispute as to the question of whether damages related to foreclosure were foreseeable and will deny Defendant's motion to preclude recovery of consequential damages related to the foreclosure and sale of the property.

    B. *Damages Limited to Diminution in Fair Market Value*

As to whether the damages are limited in recovery to the diminution in the market value of the property, the parties agree on both the key facts and the legal standard. It is undisputed that the damage to the property was permanent, as Plaintiffs allege they lost the entire property in foreclosure. Regarding Pennsylvania law, the parties agree the "general measure of damages for permanent harm to real property is the diminution in market value attributable to the conduct,

product, or instrumentality giving rise to liability." *In re Trustees of Conneaut Lake Park, Inc.*, 577 B.R. 474, 479 (Bankr. W.D. Pa. 2017) (quoting *Pa. Dept. of Gen. Servs. v. U.S. Mineral Prods. Co.*, 898 A.2d 590, 596 (Pa. 2006)). Plaintiffs nonetheless argue they are entitled to damages beyond the diminution in market value resulting from the breach. I disagree.

Plaintiffs cite *In re Trustees* as authority for recovering incidental damages associated with the loss of property, such as business losses and the cost of relocation. But the court in *In re Trustees* declined to award damages beyond the diminution in market value for permanent damage to real property. *Id.* at 479, 486. The court distinguished *City of Allentown v. O'Brien & Gere Engineers, Inc.*, 1997 WL 256050 (E.D. Pa. May 8, 1997), in which the city was awarded both the cost of attempts to repair a defective water intake system and the cost of the eventual replacement of the system, because that case involved a failure to properly design and install property, not permanent injury to real property. *In re Trustees*, 577 B.R. at 482. The other case Plaintiffs cite, *Douglass v. Licciardi Construction Co., Inc.*, 562 A.2d 913, 914 (Pa. Super. Ct. 1989), also concerned defective performance of a construction contract, rather than permanent damage to real property, and the damages awarded there equaled the amount the jury found to be the diminution in market value. Upon close review, none of the case law on which Plaintiffs rely provides a basis for an award greater than the diminution in market value attributable to the breach.

Because the injury to Plaintiffs' real property is permanent, "the measure of damages becomes the decrease in the fair market value of the property." *Babich v. Pittsburgh & New England Trucking Co.*, 563 A.2d 168, 170 (Pa. Super. Ct. 1989) (citing *Wade v. S.J. Groves & Sons Co.*, 424 A.2d 902, 911 (Pa. Super. Ct. 1981)); *see Herring v. City of Jeannette*, 47 A.3d 202, 205 (Pa. Commw. Ct. 2012) (citing *Pa. Dep't Gen. Servs. v. United States Mineral*

5

*Products Co.*, 898 A.2d 590, 596 (Pa. 2006)). Regarding Plaintiffs' specific concern about rental income, any such income-generating potential should be fairly reflected in the assessment of the fair market value of the property. *See In re Trustees of Conneaut Lake Park, Inc.*, 577 B.R. at 485 (citing *Vassell v. Travis*, 2007 WL 2571634, at *3-4 (E.D. Pa. Sept. 4, 2007)). Accordingly, I will grant Defendant's Motion for Partial Summary Judgment to the extent it asks me to hold that damages are limited to the diminution of the fair market value of the property, with the understanding that a loss of income potential will be reflected in a proper assessment of such fair market value.

      An appropriate order will follow.

      /s/ Gerald Austin McHugh
      United States District Judge